Dureee, C. J.
 

 The bill avers that the parties are owners of adjoining lots of land, and that the defendant is making an excavation on his land so near the land of the complainants that he is thereby removing its lateral support. It prays for an injunction. The defendant demurs. An owner of land has a right to excavate it, and to carry the excavation as near to the land of the adjoining owner as he can without loosening or throwing it. And ordinarily, even if the land of the adjoining owner is loosened and thrown, the injury is so slight that the remedy at law is entirely adequate. Ordinarily, too, it is only by experiment that it can be known how far the excavation can be safely carried, and therefore a court of equity will not interfere by injunction unless some serious injury is imminent, for otherwise it might be doing a detriment to one party in order to afford an unnecessary protection to the other.
 
 Attorney General
 
 v. Hichol, 16 Ves. Jun. 338;
 
 Cherry
 
 v. Stein, 11 Md. 1;
 
 Taylor
 
 v. Brookman, 46 Barb. S. C. 106 ;
 
 Van Winkle
 
 v.
 
 Curtis,
 
 3 N. J. Eq. 422 ;
 
 Webber
 
 v.
 
 Gage,
 
 39 N. H. 182. The bill does not show that the lot belonging to the complainants is built on, nor that it has anything peculiar in its situation or circumstances which requires the protection of a court of equity. We think, therefore, that the demurrer must be sustained to the bill in its present form.
 
 Roman
 
 v.
 
 Strauss,
 
 10 Md. 89;
 
 Amelung
 
 v.
 
 See Kamp,
 
 9 Gill
 
 &
 
 J. 468.
 
 Demurrer sustained.